United States District Court
for the
Northern District of Indiana

| | |
|---|---|
| CHARLES WOOD, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No.  3:07-CV-493 JVB |
| v. ) | |
| ) | |
| INDIANA STATE PRISON SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Charles Wood, Jr., a *pro se* prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on October 15, 2007, attempting to challenge his forty - five year, enhanced sentence for robbery as an habitual offender imposed on September 11, 1995, by the Lake County Superior Court in cause number 45G02-9502-CF-00045. Wood alleges certain court records, that he obtained in 2005, are  newly - discovered evidence and prove he is actually innocent of the habitual offender enhancement. (Petition at ¶ 15, DE 1)

.	Habeas Corpus petitions are subject to a one year statute of limitations.

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
	(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
	(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
	(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
	(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending

shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In this case, Wood makes no argument that the petition is timely based on subparagraphs (A), (B), or (C). Rather, pursuant to paragraph (D), he argues that the newly-discovered evidence was found on August 5, 2005. (Petition at ¶ 15, DE 1 at 17) Starting the one-year period of limitation on that date, it then expired on August 5, 2006, unless tolled by a properly filed application for collateral review. Wood submitted a request with Indiana's Court of Appeals seeking to file a second petition for post-conviction relief, but "[b]ecause an unauthorized successive petition is not considered 'properly filed' under Indiana law, the one-year limit was not extended under § 2244(d)(2)." *Powell v. Davis*, 415 F.3d 722, 726-27 (7th Cir. 2005). Wood did not sign the habeas corpus petition until October 11, 2007. Therefore, the Court concludes that his petition is untimely because it was filed at least fourteen months late.

Although Wood argues that he is actually innocent:

> Neither the Supreme Court nor this Court has recognized a freestanding actual innocence exception to § 2244 that would allow a petitioner to overcome a failure to file the petition in a timely manner.

*Balsewicz v. Kingston*, 425 F.3d 1029, 1032 (7th Cir. 2005).

> This Court has stated that actual innocence, instead of comprising a freestanding exception to the AEDPA, must be presented in conjunction with a claim that the habeas statute of limitations should be equitably tolled. Equitable tolling is proper when extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition. This Court has acknowledged that equitable tolling may apply to § 2244, but only where the doctrine's operation would not conflict with the tolling provisions specifically listed in § 2244(d).

*Balsewicz v. Kingston*, 425 F.3d 1029, 1033-1034 (7th Cir. 2005) (citations omitted).

Wood does not show "extraordinary circumstances" outside of his control prevented him from timely filing the habeas petition. Consequently, applying the equitable tolling doctrine here would conflict with §2244's specific tolling provisions.

2

If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

SECTION 2254 HABEAS CORPUS RULE 4.

For the foregoing reasons, the habeas corpus petition is **DISMISSED** without prejudice.

**SO ORDERED** on November 16, 2007.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge  
Hammond Division