**United States District Court**
**Northern District of Indiana**

| | | |
|---|---|---|
| CHARLES WOOD, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No.  3:07-CV-493 JVB |
| | ) | |
| INDIANA STATE PRISON | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

The Court dismissed Charles Wood Jr.'s habeas corpus petition as untimely, finding that it was barred by the one-year statute of limitations period of 28 U.S.C. § 2244(d). In a motion filed under Fed. R. Civ. P. 59, Mr. Wood now seeks to "alter/amend" that order.

Although Mr. Wood did not establish his diligence, the Court generously calculated the limitations period to file the habeas petition from August 5, 2005, when Mr. Wood obtained evidence that he contends is "newly-discovered". Consequently, pursuant to 28 U.S.C. § 2244(d)(2) the Court determined the 1-year period expired on August 5, 2006, unless tolled. Four months after obtaining the new information, on December 14, 2005, in an application submitted to the Indiana Court of Appeals, Mr. Wood sought permission to file a second state petition for post-conviction review. That application remained pending until October 12, 2006, when the Indiana Court of Appeals denied it. According to Mr. Wood, he timely filed the October 11, 2007, habeas petition within 1-year from issuance of the order denying his request to file a successive, petition for collateral review in the state court.

To establish the filing deadline under 28 U.S.C. § 2244(d)(2), the Court excludes only the

"time which a properly filed application for state post-conviction review or other collateral review ... is pending." An application is "properly filed" when its delivery and acceptance comply with the applicable laws and rules governing filings. *Artuz v. Bennett*, 531 U.S. 4 (2000). Mr. Wood insists the 1-year period did not end until October 12, 2007, because the December 5, 2005, application for a successive petition was "properly filed" under *Artuz*. The Court does not disagree that the application was properly filed. *Fernandez v. Sternes*, 227 F.3d 977, 978 (7th Cir. 2000). Nevertheless, the one-year period was not tolled during its pendency because a second petition for post-conviction review was never authorized. All that was "properly filed" here was the request to file a second petition for state collateral review. It did not toll the limitations term. *Tinker v. Hanks*, 172 F. 3d 990 (7th Cir. 1999). The end result is the same as if on December 5, 2005, Mr. Wood had instead filed an unauthorized, successive petition for post-conviction review; the 1-year period of limitations continued to run. As Mr. Wood filed the habeas petition after August 5, 2006, it was untimely.

For the foregoing reasons, the motion (DE # 6) to alter/amend the order dismissing the habeas petition is **DENIED**.

**SO ORDERED** on January 9, 2008.

 s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division